**HORN WILLIAMSON & COLLINS**

Matthew H. Dempsey, Esquire
ID No. 312392
One Commerce Square
2005 Market Street, 32nd Floor
Philadelphia, PA 19103
215-987-3800
mdempsey@hornwilliamson.com

*Attorney for Defendant*

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 21 WELFARE FUND, *et al.*, | : | Case No. 2:25-cv-02910-CFK |
| Plaintiffs, | : | |
| v. | : | |
| LEAKS CONSTRUCTION, LLC | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM PRESENTING EXHIBITS OR TESTIMONY RELATED TO ALLEGED DEBTS TO THE PENSION FUNDS**

Defendant Leaks Construction, LLC, by and through its attorneys, Horn Williamson & Collins, hereby files the within Motion *in Limine* to preclude plaintiffs from presenting exhibits or testimony related to alleged debts to the pension funds and in support thereof, avers as follows:

1. This case arises from a dispute about amounts allegedly owed to Plaintiffs, union benefit funds, by Leaks, a contractor, under a Collective Bargaining Agreement "CBA." A copy of the CBA is attached as Exhibit "A."

2. In their complaint, a copy of which is attached as Exhibit "B," Plaintiffs identified two sets of funds to which they allege Defendant owes money: the DC 21 PA Funds,[1] and the DC 21 NJ Funds.[2] Exhibit B, Complaint, ¶¶ 6, 21.

3. The Complaint references a third fund – the Pension Fund[3] – but makes no reference to any alleged past due balance or any specified purported delinquency. Exhibit B, Complaint ¶7.

4. Count I and Count II of plaintiff's complaint contain allegations of purported delinquencies from only the DC 21 PA funds and the DC 21 NJ Funds. Exhibit B, Complaint ¶21, 25.

5. Counts III, IV, and V vaguely demand an audit of records, and then ask the court to summarily accept the results of the audit and enter judgment on whatever amount the Union auditors decide might be owed.

6. This Court ordered that fact discovery be completed by April 9, 2026.

7. During the course of this litigation, Plaintiffs conducted an audit of Defendant's books and records and produced three audit reports, one for each of the Funds.

---

[1] The IUPAT District Council No. 21 HRA Fund; IUPAT District Council 21 Training and Education Fund a/k/a Finishing Trades Institute of the Mid-Atlantic Region, the National Apprenticeship Fund, the IUPAT DC 21 Scholarship Fund, District Council 21 Labor Management Fund, the International Union of Painters and Allied Trades District Council No. 21 Jobs Organization Program Trust Fund, Drywall Finisher Target Fund, IUPAT District Council No. 21 Political Action Fund, IUPAT District Council No. 21 Industry Advancement Fund, IUPAT Welfare Fund, and IUPAT District Council 21 Annuity Fund. Exhibit B, Complaint ¶ 6(c).

[2] The DC 21 NJ Vacation Fund f/k/a International Union of Painters and Allied Trades District Council 711 Vacation Fund, FTI of the Mid-Atlantic Region f/k/a District Council 711 Finishing Trades Institute, New Jersey Industrial Painters Association, Inc. Industry Advancement Fund, DC 21 NJ Labor Management Fund/Joint Trade Board f/k/a District Council 711 Labor Management Fund, IUPAT DC21 NJ PAC f/k/a IUPAT District Council 711 Political Action Fund, Safety Training Recognition Awards Program ("STARS"), District Council 711 Health and Safety Monitoring Fund, and District Council 21 Job Targeting Program f/k/a District Council 711 Job Targeting Program. Exhibit B, Complaint ¶ 6(d).

[3] The complaint alleges that the Pension Fund is an authorized collection fiduciary and agent for the IUPAT, International Painters and Allied Trades Industry Annuity Plan, Labor Management Cooperation Fund, Finishing Trades Institute, and International Political Committee. Exhibit B, Complaint ¶ 7(b).

8. Plaintiffs did not produce any audit reports until May 11, 2026, over a month after the close of discovery.

9. The Complaint alleges purportedly past due contributions in the amount of $138,386.43. Exhibit B, Complaint ¶21.

10. The Plaintiffs should be precluded from introducing the May 11, 2026 audit report of the Pension Fund that purport to add another $85,442.90 to Plaintiffs' claim that was not even alleged – and includes more than $22,000 in interest, liquidated damages and the cost of the audit.

11. Defendant had no opportunity to depose the auditor, secure its own audit, or meaningfully defend against claims relating to the Pension Funds.

12. The Federal Rules of Evidence provide that evidence should be excluded when it is unfairly prejudicial to an opposing party.

13. Allowing Plaintiffs to present evidence or testimony related to the Pension Fund when no debt to the Pension Fund was ever pled would unfairly prejudice Defendant and deny it notice of the claims against which it would be required to defend.

14. To prevent the injustice of allowing Plaintiffs to make a case without adequate notice to Defendants, this Court has the discretion to grant a motion *in limine* to restrict the proofs offered at trial to the allegations properly pleaded in the complaint.

**WHEREFORE** Defendant Leaks Construction, LLC respectfully requests that this Court grant its Motion *in Limine* and enter an order precluding Plaintiffs from introducing evidence or testimony related to the Pension Funds at trial.

**HORN WILLIAMSON & COLLINS**

Date: August 12, 2026

By: */s/ Matthew H. Dempsey*
Matthew H. Dempsey
Attorney for Defendant